

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID MARK DAVIS II, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 9:17cv119 RC/ZH |
| ABIGAIL ENTERPRISES, INC. dba | § | |
| CENTURY 21 COTA REALTY, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND
## & APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

### A.   PRELIMINARY STATEMENT

This case presents two issues for the court to review:

First, plaintiff asserts that defendant's classification of him as an independent contractor, rather than employee, was improper under the Fair Labor Standards Act (FLSA). Defendant's treatment of plaintiff is what would be expected of an employee rather than independent contractor. Based on this misclassification, plaintiff has lost out on earning a minimum wage, workplace safety protections, unemployment benefits, employer contribution into the plaintiff's social welfare retirement, etc.

Second, this case presents a situation where defendant terminated plaintiff's employment in retaliation for plaintiff complaining to the Department of Labor regarding the above referenced FLSA violations. In fact. Defendant company president, Kevin Cota, specifically cited this labor complaint as his reason for plaintiff's termination.

### B.   PARTIES

1. Plaintiff, DAVID MARK DAVIS II (hereinafter referred to as 'plaintiff'), is an individual that is a citizen of the State of Texas who resides at 11 Glenview Court; Lufkin, Texas 75901.

2. Defendant, ABIGAIL ENTERPRISES, INC. dba CENTURY 21 Cota Realty (hereinafter referred to as 'defendant'), is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, **Rebecca Cota** at her usual place of business ABIGAIL ENTERPRISES, INC. dba CENTURY 21 Cota Realty which is located at **1306 N Medford Drive, Lufkin, Texas 75901.**

### C. JURISDICTION

3. The Court has federal question jurisdiction over the lawsuit because the suit arises under the Fair Labor Standards Act of 1938, codified 29 U.S.C. § 201, et seq.

### D. VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### E. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

### F. COUNT 1 – FAILURE TO PAY MINIMUM WAGE (FLSA)

**Prima Facie Case**

To establish a case for a failure to pay minimum wage under the FLSA, a plaintiff must show that he (1) was employed by defendant; (2) in plaintiff's work for defendant, plaintiff was engaged in commerce, and (3) defendant failed to pay plaintiff minimum wage for all hours worked by plaintiff in one or more workweeks. See 29 U.S.C. § 206, et seq.

**Background Facts**

Defendant hired plaintiff as a real estate sales agent for defendant's firm. Plaintiff's work for defendant began on February 6, 2017 and ended when defendant terminated plaintiff on May 20, 2017. At the time of hire, plaintiff signed an independent contractor agreement and plaintiff was of the opinion that he would be an independent contractor for defendant. However, at the time of hire, plaintiff was unaware of the level of control, as referenced infra, that defendant would assert over plaintiff during the course of his employment.

### (1) Plaintiff was employed by defendant

Plaintiff was defendant's employee, rather than independent contractor. This contention is supported by the following facts related to the business relationship between plaintiff and defendant:

a. Defendant substantially controls the methods of how plaintiff completes defendants work by specifying exactly what process the defendant wants plaintiff to use when completing said work.

b. Defendant has a policy which requires it approve of all contracts and actions that the plaintiff takes prior to him taking them.

c. Defendant has threatened to fire plaintiff if he fails to complete his service to defendant in the manner that defendant wants it to be completed. (i.e. defendant dictates how to complete task)

d. Plaintiff had no special skills when he was hired by defendant

e. Defendant has a 4-month intensive training program where it trained plaintiff exactly how the defendant wants things done (unpaid)

f. Defendant informed plaintiff that his attendance at the 4-month training was mandatory or he would be terminated if he failed to attend.

g. Defendant gave plaintiff an employee handbook which outlines how defendant expects plaintiff to behave and complete task for defendant

h. Defendant informed plaintiff that his strict adherence to the employee handbook was required for plaintiff to remain in the business relationship with defendant

i. Defendant requires plaintiff's regular attendance at sales meetings

j. Defendant required plaintiff work in the office at least once a week

k. Defendant controls compensation and how plaintiff is paid leaving no wiggle room to negotiate compensation.

l. Defendant provided plaintiff sales leads free of charge

m. Defendant provided plaintiff business cards indicating plaintiff's affiliation to defendant's company free of charge

n. Defendant provided plaintiff office free of charge

o. Defendant provided plaintiff internet free of charge

p. Defendant marketed plaintiff free of charge

q. Defendant's contract agreement with plaintiff provides for at-will termination

r. Defendant dictates how plaintiff may use his personal social media pages and has specifically prohibited plaintiff from posting on his private Facebook page plaintiffs political preferences, jokes, and photographs of beer.

    s.  Defendant sets minimum production standards for plaintiff

    t.  Defendant has terminated other agents for failing to meet defendant's production standards and bragged about doing so during a sales meeting.

    u.  Plaintiff was completely dependent on defendant to earn a living as defendant prohibited plaintiff from providing similar services to other providers in defendant's industry.

    v.  Defendant required that plaintiff dedicate his full time and energy to defendant's business which kept plaintiff from taking on other clients.

    w.  Defendant is plaintiff's sole and exclusive employer

    x.  Plaintiff's services are integral to the defendant's business since it is a service that the defendant is in business to provide.

    y.  Defendant pays for plaintiff's professional liability insurance

    z.  Defendant provided plaintiff all the tools plaintiff needed to complete defendant's work.

    aa.  Defendant required plaintiff seek their approval of the substance and content of advertising prior to allowing plaintiff to advertise his services.

Defendant will possibly contend that plaintiff was an independent contractor. Plaintiff does not agree with this contention based on how the defendant treated plaintiff. Defendant will probably cite a non-controlling independent contractor agreement to support this contention.

### (2) Plaintiff's work for defendant, plaintiff was engaged in commerce

Plaintiff's work for defendant caused him to routinely work in furtherance of interstate commerce. This is based on the following facts:

    a.  Plaintiff's work for defendant consisted of working with outside clients with their purchase of real property. Plaintiff's work for defendant frequently required plaintiff to work with clients who are trying to relate to Texas. Plaintiff engaged in this interstate commerce on numerous occasions with clients located in a multitude of states.

### (3) Defendant failed to pay plaintiff minimum wage for all hours worked by plaintiff in one or more work

Defendant has not made any payments to plaintiff for federal minimum wage since plaintiff was hired on February 6, 2017. This is based on the following facts:

  a. Plaintiff worked for defendant for a period of at least 40-hours each work week (defined as Monday thru Sunday)
  b. The above refenced 40-hour work week was completed each and every week between when defendant hired plaintiff on February 6, 2017 and when defendant fired plaintiff on May 20, 2017 for a total of 600-working hours.
  c. Defendant was aware of the above referenced work.
  d. Defendant mandated the above referenced work be completed.
  e. Defendant did issue plaintiff a commission check after it fired plaintiff in the amount of $1,371.90 on June 19, 2017. Defendant contends that this payment was not a minimum wage payment.
  f. Working 600-work hours at $7.25 an hour would result in a minimum wage entitlement of $4,350.00 and plaintiff has paid nothing on this amount.

## G. COUNT 2 – WRONGFUL DISCHARGE – FLSA COMPLAINT RETALIATION

**Prima Facie Case**

To establish a case for retaliation under the FLSA, a plaintiff must prove four elements: (1) plaintiff was an employee (2) the plaintiff engaged in protected activity under the FLSA, (3) the plaintiff subsequently suffered adverse action by the defendant, and (4) a causal connection existed between the protected activity and the adverse action. 29 U.S.C. § 215 (a)(3).

### (1) Plaintiff was an employee

This is based on the following facts:

  a. Plaintiff was defendant's employee, rather than independent contractor. This is supported by the contentions set forth in Count 1 of this complaint.

### (2) Plaintiff engaged in protected activity under the FLSA

This is based on the following facts:

  a. Plaintiff made a complaint to the Department of Labor regarding defendant's failure to pay federal minimum wage. This complaint was mailed to the local Department of Labor office in Houston, Texas and to date no response has been received by plaintiff.

### (3) Plaintiff subsequently suffered adverse action by the defendant

This is based on the following facts:

a. Defendant terminated plaintiff's employment following plaintiff's minimum wage complaint to the United States Department of Labor, Wage and Hour Division.

### (4) A causal connection existed between the protected activity and the adverse action.

This is based on the following facts:

a. Defendant, specifically company president Kevin Cota, informed plaintiff at the time of his termination that plaintiff's complaint to the Department of Labor was the basis for plaintiff's termination.

## H. REQUEST FOR PERMANENT INJUNCTION

6. Plaintiff asks the Court to set his application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against defendant requiring defendant to reinstate plaintiff in the position he would have been in had defendant to unlawfully terminated plaintiff's employment in violation of 29 U.S.C. § 215 (a)(3) & 29 U.S.C. § 218c.

7. Plaintiff asks the Court to set his application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against defendant requiring defendant pay minimum wage to plaintiff. 29 U.S.C. § 217.

## I. DAMAGES

8. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

   a. Physical pain and mental anguish in the past and future.
   b. Lost Wages
   b. Lost earnings.
   c. Lost profits.
   d. Loss of earning capacity.

## J. ATTORNEY FEES & COSTS

9. Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C.§ 216(b).

## K. PRAYER

**10.** For these reasons, plaintiff asks for judgment against defendant for the following:

    a.    Injunctive relief requiring defendant reinstate plaintiff in position he would have held had defendant not illegally discharged him

    b.    Injunctive relief requiring to pay plaintiff minimum wage as defined by the FLSA.

    c.    Actual damages of $4,350.00 for back pay between plaintiffs first day of employment on February 6, 2017 and his termination on May 20, 2017.

    d.    Actual damages for back pay between plaintiff's termination on May 20, 2017 and the day immediately prior to his proposed court ordered reinstatement of employment at a rate of $290.00 per week.

    e.    Punitive damages of $100,000

    f.    Prejudgment and postjudgment interest.

    g.    Reasonable attorney fees, if any.

    h.    Costs of suit.

    i.    All other relief the Court deems appropriate.

Respectfully submitted,

By: _____
David Mark Davis II, JD, Pro Se
11 Glenview Court
Lufkin, Texas 75901
E-mail dmarkdavis2@gmail.com
Tel. (936) 238-8507